JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Robert D. James

(b) County of Residence of First Listed Plaintiff: Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
R. Tyler Tomlinson, Esq; STARK & STARK, PC
2 Caufield Place, Newtown, PA 18940; (267) 907-9600

## DEFENDANTS

USAA Casualty Insurance Company

County of Residence of First Listed Defendant: Bexar
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [x] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 USC Sec. 1332(a)

Brief description of cause:
breach of contract & bad faith involving an insurance contract between the parties

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*: JUDGE ____ DOCKET NUMBER ____

DATE: Oct 14, 2026

SIGNATURE OF ATTORNEY OF RECORD: s/ R. Tyler Tomlinson

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

10/2024

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM

Place of Accident, Incident, or Transaction: Warrington, PA

***RELATED CASE IF ANY:*** Case Number: ____________ Judge: ____________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief ***see certification below***
☐ 16. All Other Federal Question Cases. *(Please specify)*: ____________

***B. Diversity Jurisdiction Cases:***

☒ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*): ____________
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)* ____________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☐ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| **Robert D. James** | : | |
| **256 North West Street** | : | |
| **Front Apartment** | : | |
| **Doylestown, PA 18901** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **USAA Casualty Insurance Company** | : | |
| **9800 Fredericksburg Road** | : | |
| **San Antonio, TX 78288** | : | **Jury Trial Demanded** |

---

# COMPLAINT

## Parties

1. Plaintiff, Robert D. James (hereinafter referred to as "Plaintiff"), is an adult individual and citizen of the Commonwealth of Pennsylvania who resides at 256 North West Street, Front Apartment, Doylestown, PA 18901.

2. Defendant, USAA Casualty Insurance Company (hereinafter referred to as "Defendant") is corporation or other entity authorized to conduct business and to issue policies of insurance in the Commonwealth of Pennsylvania with principal place of business at 9800 Fredericksburg Road, San Antonio, TX 78288.

## Jurisdiction

3. Plaintiff incorporates herein by reference the allegations contained in the above paragraphs as though the same were set forth at length herein.

4. Original jurisdiction is conferred pursuant to 28 U.S.C. Sec. 1332(a), as the amount in controversy exceeds the sum or value of $75,000.00, exclusive of costs and interest, and

the action is between citizens of different states, thus there is complete diversity between the parties.

5. Venue is proper in this Court pursuant to 28 U.S.C. Sec. 1391(b)(2), as this is the judicial district where the motor vehicle accident underlying this action occurred and the contract between Plaintiff and Defendant was entered into in this jurisdiction.

**Factual Allegations**

6. Plaintiff incorporates herein by reference the allegations contained in the above paragraphs as though the same were set forth at length herein.

7. On or about March 15, 2026, Plaintiff was driving on Route 611 in Warrington, PA.

8. The third-party tortfeasor in the underlying action, Pascual Leonel Osorio-Zamora, struck Plaintiff's vehicle.

9. The third-party tortfeasor in the underlying action, Pascual Leonel Osorio-Zamora, was charged with multiple violations, including, but not limited to, DUI.

10. At the time of the collision, third-party tortfeasor, Pascual Leonel Osorio-Zamora, was operating a vehicle owned by Raul Montiel Ramierz insured by State Farm Insurance Company with bodily injury policy limits of $15,000.00/$30,000.00.

11. Plaintiff agreed to settle with State Farm Insurance Company for the bodily injury policy limits of $15,000.00.

12. Plaintiff obtained consent to settle with the third-party tortfeasor from Defendant by way of email dated June 10, 2026. A true and correct copy of the June 10, 2026 email is attached hereto, made a part hereof, and marked Exhibit "A".

13. Based upon the serious and permanent nature of Plaintiff's injuries, State Farm Insurance Company's bodily injury policy limits are not adequate to compensate Plaintiff for his serious and permanent injuries sustained as a result of the subject accident.

14. At the time of the accident, Plaintiff was insured with Defendant.

15. At the time that Plaintiff purchased the policy, he selected to purchase bodily injury limits in an amount greater than the minimum coverage required by the Commonwealth of Pennsylvania in order to protect if he or any of his family members suffered bodily injury as a result of someone else's negligence.

16. As a result of Plaintiff's election of bodily injury liability limits in an amount greater than the minimum coverage required by law, he paid, and Defendant accepted increased premium payments.

17. At the time that Plaintiff purchased the policy, he elected to purchase underinsured motorist benefits.

18. As a result of Plaintiff's election of underinsured motorist benefits, he paid, and Defendant accepted increased premium payments.

19. Plaintiff, through his counsel, provided Defendant with a formal demand package including all relevant medical records and reports concerning Plaintiff's conditions, treatments and prognosis.

20. Plaintiff has made a demand for underinsured motorist coverage due under the policy based upon Plaintiff's injuries, including the injuries as reflected in the various medical records and reports.

21. Plaintiff has continuously demanded payment of the underinsured motorist coverage.

22. The medical records and reports provided to Defendant establish Plaintiff sustained injuries to his cervical, lumbar and concussion.

23. The medical records and reports clearly establish that Plaintiff suffered and continues to suffer from severe pain and discomfort and will require continued treatment to manage his chronic pain for the foreseeable future.

**Count I**
**Robert D. James v. USAA Casualty Insurance Company**
**<u>Breach of Contract</u>**

24. Plaintiff incorporates herein by reference the allegations contained in the above paragraphs as though the same were set forth at length herein.

25. Plaintiff has fully complied with all the terms, conditions and duties required under the policy.

26. Defendant has failed to evaluate Plaintiff's claim objectively and fairly.

27. Defendant has failed to promptly offer payment of the reasonable and fair value of the claim to Plaintiff.

28. Defendant has failed to reasonably investigate Plaintiff's claim inasmuch as a thorough and proper inquiry would have revealed that Plaintiff sustained serious and permanent injuries.

29. Plaintiff is owed by Defendant, a fiduciary, contractual and statutory obligation to investigate, evaluate and negotiate and underinsured motorist claim in good faith and to arrive at a prompt, fair and equitable settlement.

30. For reasons set forth above, Defendant has violated its obligations under the policy of insurance.

**WHEREFORE**, Robert D. James seeks judgment in his favor and against Defendant USAA Casualty Insurance Company for an amount in excess of the arbitrational limits.

**Count II**
**Robert D. James v. USAA Casualty Insurance Company**
**Bad Faith**

31. Plaintiff incorporates herein by reference the allegations contained in the above paragraphs as though the same were set forth at length herein.

32. The actions of Defendant in handling of Plaintiff's underinsured motorist claim constitutes bad faith as defined under 42 Pa. C.S.A. §8371 as follows:

(a) Failing to evaluate Plaintiff's claims objectively and fairly based on new information;

(b) Failing to re-evaluate Plaintiff's claims objectively and fairly based on new information;

(c) Engaging in dilatory and abusive claims handling;

(d) Failing to adopt or implement reasonable standards in evaluating Plaintiff's claims;

(e) Acting unreasonably and unfairly in response to Plaintiff's claims;

(f) No attempting in good faith to effectuate a fair, prompt and equitable settlement of Plaintiff's claims in which the Defendant liability under the policy had become reasonably clear;

(g) Subordinating the interests of its insured and those entitled under its insured's coverage to its own financial monetary interests;

(h) Failing to promptly offer reasonable payment to Plaintiff;

(i) Failing to reasonably and adequately investigate Plaintiff's claims;

(j) Failing to reasonably and adequately investigate Plaintiff's claims;

(k) Failing to reasonably and adequately evaluate or review the medical documentation in Defendant's possession;

(l) Violating the fiduciary duty owed to the Plaintiff;

(m) Acting unreasonably and unfairly by withholding underinsured motorist benefits justly due and owing to the Plaintiff;

(n) Failing to make an honest, intelligent and objective settlement offer;

(o) Causing Plaintiff to expend money on the presentation of his claim; and

(p) Causing Plaintiff to bear the stress and anxiety associated with litigation.

33. An insurer such as Defendant has a fiduciary, contractual and statutory obligation to those such as Plaintiff.

34. At all relevant times hereto, Plaintiff fully complied with the terms and conditions of the policy and all conditions precedent and subsequent to his right to recover under the policy.

35. For the reasons set forth above, Defendant has violated the policy of insurance, its obligations as an insurer, has failed to act toward Plaintiff in good faith and has violated 42 Pa.C.S.A. § 8371 for which Defendant is liable for compensatory and punitive damages, together with interest, attorney fees and such other relief as the court deems appropriate.

36. Defendant has engaged in wanton and reckless conduct with regard to the welfare, interest and rights of Plaintiff and is liable for their bad faith conduct.

**WHEREFORE**, Robert D. James demands judgment against Defendant USAA Casualty Insurance Company and in his favor in an amount in excess of the arbitrational limits for compensatory damages, punitive damages, interest, costs of suit, attorney fees and any other damages allowed by 42 Pa. C.S.A. §8371.

**RESPECTFULLY SUBMITTED:**

**STARK & STARK**
**A Professional Corporation**

**By:** ***s/R. Tyler Tomlinson***
**R. TYLER TOMLINSON**
**Attorneys for Plaintiff**

**October 14, 2026**

# EXHIBIT "A"

**Christine Bailey Alff**

**From:** USAA Claims <3j7h3v34h9gg3@claims.usaa.com>
**Sent:** Wednesday, June 10, 2026 4:17 PM
**To:** Christine Bailey Alff
**Subject:** [EXTERNAL] Information About Your USAA Claim

To ensure delivery to your inbox, please add 3j7h3v34h9gg3@claims.usaa.com to your address book.

USAA SECURITY ZONE

USAA # ending in:8198

## Claim Information

Dear Christine,

I'm writing regarding the following claim:

| | |
|---|---|
| **USAA policyholder:** | Robert James |
| **Claim number:** | 013558198–804 |
| **Date of loss:** | March 15, 2026 |
| **Loss location:** | Warrington Township, PENNSYLVANIA |
| **Your Client:** | Robert James |

In reference to the Underinsured Motorists Bodily Injury (UIMBI) claim you have presented on behalf of your client, Robert James, USAA gives you permission to settle with State Farm Insurance on behalf of their insured Raul Montiel Ramirez and their driver Pascual Osorio, for their Bodily Injury Liability limits of $15,000.

USAA agrees to waive any potential future UIMBI subrogation claims for this loss. By USAA agreeing to give permission to settle and waive any potential UIMBI subrogation claims, does not guarantee that UIMBI has been triggered on this loss. USAA will agree to consider any information you have regarding any possible UIMBI claims for Robert James.

You may submit correspondence or questions to me using one of the following options:

| | |
|---|---|
| **Email:** | Email us at 3j7h3v34h9gg3@claims.usaa.com. Don't send private information through this channel. |
| **Address:** | USAA Claims Department<br>P.O. Box 33490<br>San Antonio, TX 78265 |
| **Fax:** | 8005318669 |
| **Phone:** | 800-531-8722 X61043 |

Sincerely,

Leigh Creasman

Auto Injury MST 1
Garrison Property and Casualty Insurance Company

Garrison Property and Casualty Insurance Company, a subsidiary of USAA Casualty Insurance Company, is authorized to use the USAA logo, a registered trademark of United Services Automobile Association.

**Taking care of our members since 1922.**

**Go Digital**
Review and edit your online document preferences at usaa.com.

Please do not reply to this e-mail.
To contact USAA, visit our secure contact page

**File and Track Your Claim Instantly Online.**
Visit our USAA mobile app or Claims Center 24/7.

Privacy Promise

Garrison Property and Casualty Insurance Company, 9800 Fredericksburg Road, San Antonio, Texas 78288

54577-0226

**Need Roadside Assistance — *Help is on the way* !**
Visit our USAA mobile app or Claims Center 24/7.